JOHN BRANDT *vs.* E. R. SHEPARD, impleaded, etc.

November 23, 1888.

**Answer—General and Specific Denial.**—A complaint charged that the two defendants, as partners, had received certain money. The separate answer of one of the defendants contained a general denial. It also contained, in connection with allegations of certain transactions between him individually and the plaintiff, a specific denial that "he" had received such money. This latter denial construed as not modifying the effect of the general denial.

**Same—Admission — Cause of Action not Alleged in Complaint.**—An admission, in an answer, of a cause of action in favor of the plaintiff, wholly different from that alleged in the complaint, does not entitle the plaintiff to a recovery under such complaint.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young,* J., presiding, refusing a new trial.

*Hooker, Little & Nunn,* for appellant.

*John M. Shaw,* for respondent.

DICKINSON, J. This appeal brings up for review the propriety of the order of the court dismissing the action at the close of the plaintiff's case. The defendants were charged in the complaint as copartners; the alleged cause of action being that they, under authority from the plaintiff, sold certain real estate belonging to him, and received $10,000 as the price thereof, of which sum they had paid over to the plaintiff only $7,648, leaving still in their hands $2,352, to recover which this action was brought. The answer of this respondent, Shepard, (upon which the case went to trial,) after putting in issue the allegations of the complaint by a general denial, alleged that he (Shepard) alone had been authorized to sell the property, for which he was to receive a stipulated commission; that he had effected a sale, which had been consummated, between the purchaser and the plaintiff,—the plaintiff receiving, as a part of the price, two mortgages for $2,500 each; that the plaintiff had paid this defendant the amount of the stipulated commission ($2,000) "by $500 in cash, and $1,500 of one of said mortgages of $2,500; that plaintiff

sold said Shepard the remainder of the last aforesaid mortgage for $950; that said Shepard has paid said plaintiff therefor the sum of $648; that there remains due and owing plaintiff from said Shepard, on account of all the aforesaid transactions, the sum of $302, and no more." Immediately following the language above recited, and in the same sentence, is a specific denial by this defendant that "he" had received the $10,000 referred to in the complaint, or any sum, excepting the sum of $500. Counterclaims were set up in the answer, to which we need not particularly refer. Upon the trial of the cause the plaintiff rested, after having given evidence tending to prove the copartnership of the defendants, that authority had been given to them to sell the property, and that it had been sold. The court then dismissed the action.

There was no error in this action of the court. There was no proof that either of the defendants had received any part of the purchase price, and the answer admitted the receipt of no more than $500, which was less than the amount admitted by the complaint to have been paid by the defendants to the plaintiff. That part of the answer in the form of a general denial put in issue the alleged fact that the defendants had received the purchase price; nor was that denial qualified by the subsequent specific denial, by Shepard, that *he* had received such money. In determining the effect of this latter denial, it should be considered that it is made in immediate connection with the statement of transactions alleged to have been between this defendant individually and the plaintiff. We think that in view of this relation, and from the manner in which the denial is made, the court was justified in construing it as not modifying the effect of the general denial. The plaintiff was not entitled upon this complaint to recover the $302 admitted by the answer to be an indebtedness in favor of the plaintiff. According to the allegations of the answer, that was a balance of the purchase price of a part of, or of an interest in, a mortgage sold by the plaintiff to the defendant, and no part of the cause of action set forth in the complaint.

Order affirmed.